IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus Jerrell Parker, #269675, ) | |
| ) | Civil Action No. 6:05-0359-JFA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Stan Burtt, Warden; and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Jasper County. The petitioner was initially indicted in October 1999 for armed robbery and assault and battery with intent to kill. He was subsequently indicted in March 2000 for kidnaping and possession of firearms during commission of a crime of violence. All charges related to one incident on or about September 10, 1999. Attorney Glenn Walters represented the petitioner on the charges. On September 25, 2000, the petitioner pleaded guilty to the charges. The Honorable Henry

Floyd heard and accepted the plea. The judge sentenced the petitioner to 25 years for the armed robbery; 20 years for the assault and battery with intent to kill (concurrent); 25 years for the kidnaping (concurrent); and five years, consecutive, on the weapons charge. The petitioner did not appeal.

On February 9, 2001, the petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

> 9(a)   Ineffective Assistance of Counsel;
>
> 9(b)   Guilty Plea involuntarily induced, coerced, and unintelligently entered.

Attorney Larry S. Drayton represented the petitioner in his PCR action. The State made its return on November 15, 2001. An evidentiary hearing was held December 17, 2001, before the Honorable Jackson V. Gregory. At the conclusion of the hearing, the PCR judge denied relief. The PCR judge issued a written order of dismissal on February 26, 2002.

The petitioner appealed the denial of relief. Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a *Johnson* petition for writ of certiorari in the Supreme Court of South Carolina on December 9, 2002, and raised the following single issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

The petitioner filed a *pro se* petition dated January 29, 2003, and raised the following additional issues:

> Issue A:   Was defense counsel ineffective in failing to object to the trial Court's plea acceptance; when the records clearly show, that the Petitioner was never informed of the elements of the charged offense, and the factual basis was not stated upon the record in open Court until after the plea was accepted by the trial Court?
>
> Issue B:   Was defense counsel ineffective in failing to file a Notice of Appeal on behalf of the Petitioner?

2

> Issue C:    Was defense counsel ineffective in failing to challenge the subject matter jurisdiction of indictment 99-GS-27-519 for armed robbery?
>
> Issue D:    Was defense counsel ineffective in erroneously advising the Petitioner to enter into guilty pleas?
>
> Issue E:    Did Appellate Counsel file a Patent Errors Brief in behalf of the Petitioner for Writ of Certiorari in this case?

On May 16, 2003, the Supreme Court of South Carolina denied the petition for certiorari review. On June 3, 2003, the state court issued the remittitur.

Prior to the conclusion of the appeal in his first PCR action, the petitioner filed a second PCR application, on February 13, 2002, and alleged the following ground for relief:

> 9(a)   Newly Discovered Evidence.

The petitioner apparently claimed that he did not receive a copy of his guilty plea transcript until the day of his first PCR hearing and could not attack the record of his plea previously. Attorney Harry C. Brown, Sr. represented the petitioner in his second PCR action. The State made its return on May 9, 2002, and moved to dismiss the entire application as successive and untimely filed. A hearing on the State's motion was held on June 6, 2002, before the Honorable Jackson V. Gregory. The judge granted the State's motion and dismissed the application as successive and untimely by written order issued January 16, 2003.

The petitioner appealed the dismissal of the application. Joseph L. Savitz, III, Acting Chief Attorney of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a *Johnson* petition for writ of certiorari on March 2, 2004, and raised the following single issue:

> The Court should remand this case to reconstruct petitioner's initial PCR hearing and to determine whether to grant review pursuant to Austin v. State.

The petitioner filed a *pro se* petition dated April 6, 2004, in which he raised the following additional issues:

> Issue A: Whether petitioner met his burden pursuant to Aice v. State and S.C. Code Ann. § 17-27-90 (1985)?
>
> Issue B: Whether petitioner's guilty plea complied with the constitutional mandates set forth in Pittman v. State?
>
> Issue C: Whether petitioner's current application complied with the filing procedures of the Uniform Post-Conviction Act?

The Supreme Court of South Carolina denied the petition on January 6, 2005, and issued the remittitur on January 24, 2005.

In his *pro se* petition now before this court, the petitioner raises the following allegations (verbatim):

> A. Denial of effective assistance of counsel; In violation of Sixth Amendment Right;
>
> B. Denial of right of appeal; In violation of Sixth and Fourteenth Amendment Right;
>
> C. Involuntary Guilty Plea; In violation of Fourteenth Amendment Right.

On January 20, 2006, the respondents filed a motion for summary judgment. By order of this court filed January 23, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner filed his opposition to the motion on March 30, 2006.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

4

adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to

5

> the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal, S.C.A.C.R. 203 (b)(2).[1] He was sentenced on September 25, 2000, and he did not file a notice of appeal. Thus, his conviction became final on October 5, 2000. Therefore, the petitioner had until October 5, 2001, to file his federal habeas corpus action unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). The petitioner filed his state PCR action on February 9, 2001. At that point, 127 days of non-tolled time had run since the period of limitations began on October 5, 2000. The petition for writ of certiorari was denied on

---

[1] Rule 203. Notice of Appeal
(a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
(b) Time for service.
\*\*\*
(2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2)).

7

May 16, 2003, and the remittitur was entered on June 3, 2003. Upon entry of the remittitur,[2] the petitioner had 238 days remaining to file his federal petition.

The petitioner filed a second PCR action on February 13, 2002, before his first PCR action concluded; however, the second action was dismissed as successive and time barred. Time barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005) ("For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Accordingly, that application has not did not toll the period of limitation for filing the federal habeas petition.

The *Houston v. Lack* delivery date of the instant petition is January 25, 2005 (2/28/05 order at p. 1, n. 1), resulting in an additional 601 days of non-tolled time. In total, 728 days of non-tolled time lapsed before the petitioner filed his habeas action. Accordingly, the instant petition was filed at least 363 days, just short of one year, too late.

The petitioner argues that the second PCR action, which was filed on February 13, 2002, tolled the statute of limitations, and the statute did not begin to run again until the Supreme Court denied the petition for writ of certiorari and issued the remittitur on January 24, 2005. He argues that "until that date, the second PCR was properly filed and pending" (pl. resp. m.s.j. 7). However, the petitioner's argument is not supported by established law. In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court stated that an application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Rather:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the

---

[2]The court is giving the petitioner every benefit of the doubt.

        court and office in which it must be lodged, and the requisite
        filing fee.

*Id.* at 8 (emphasis in original). As stated by the Supreme Court in *Artuz*, an application that does not conform to the state court's rules but that is nonetheless accepted by the clerk of a state court is not a properly filed application. Instead, it is merely a pending application that does not toll the limitation period. *Id.* at 9. In this case, the petitioner's second PCR application was dismissed as successive and time barred (app. 59-62). Accordingly, the application did not meet the statutory tolling provision of the AEDPA. Furthermore, the petitioner does not argue that he is entitled to equitable tolling[3] and, indeed, it does not appear that he would be so entitled.

        Wherefore, based upon the foregoing, the instant petition is barred by the statute of limitations and, accordingly, the respondents' motion for summary judgment should be granted.

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

April 20, 2006

Greenville, South Carolina

---

[3] In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:
    "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
*Id.* at 330.