IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus Jerrell Parker, #269675, ) | |
| ) | Civil Action No. 6:05-359-JFA-WMC |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER DENYING § 2254 PETITION** |
| ) | **AND GRANTING RESPONDENTS' MOTION** |
| Stan Burtt, Warden; and Henry ) | **FOR SUMMARY DISMISSAL** |
| Dargan McMaster, Attorney General ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |

The *pro se* petitioner, Marcus Jerrell Parker, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. Parker is presently incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections. For the reasons set forth below, the court will dismiss the § 2254 petition.

In accordance with this court's order of reference, this matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal

1

>    conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The United States Magistrate Judge has filed a comprehensive Report and Recommendation suggesting that the § 2254 petition is barred by the applicable statutory deadlines. The Magistrate Judge recommends that the respondents' motion for summary dismissal be granted and the petition be dismissed with prejudice and without an evidentiary hearing. The Report thoroughly summarizes the facts and procedural history of the petitioner's claims, and therefore such will not be repeated herein.

The petitioner was apprised of his right to file objections to the Report and Recommendation and has done so in a memorandum filed with the Clerk on May 9, 2006. In his objections, Parker contends that his petition *is* timely and should not be dismissed.

Based on his review of the record, the Magistrate Judge determined that the petitioner was required to file his § 2254 petition by October 5, 2001, unless the one-year limitations period pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"), was tolled. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

>    (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

>    The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Magistrate Judge noted that Parker was sentenced on September 25, 2000, and he did not file a notice of appeal, thus his conviction became final on October 5, 2000. This would give the petitioner until October 5, 2001 to file a federal habeas corpus action unless the period was tolled for a properly filed state post conviction relief (PCR) application. 28 U.S.C. § 2244(d)(2).

The petitioner filed his first state PCR action on February 9, 2001. The period from October 5, 2000 to February 9, 2001 equals 127 untolled days. The remittitur was entered on June 3, 2003, which then left the petitioner 238 days to file his federal petition. The present habeas petition was not filed until January 25, 2005, 601 days from June 3, 2003.

3

On February 13, 2002—before his first PCR action was concluded—petitioner filed a second PCR claiming newly discovered evidence. In his objections to the Report, petitioner asserts that he filed this second PCR because he never received a copy of his guilty plea transcript prior to filing his first PCR application. He claims, "Upon reviewing the transcript of [my] guilty plea, [I] first discovered there were other meritorious issues [I] should have raised in [my] original PCR application." He claims that his second PCR "related back" to the first and that as a result of the extraordinary circumstances beyond his control, his counsel's failure to timely provide a copy of the guilty plea transcript made it impossible to file a § 2254 petition before he did. Therefore, petitioner believes that his time should be statutorily *and* equitably tolled.

In *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Court noted that "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Here, the petitioner blames his counsel in the first PCR for not furnishing him with a copy of the guilty plea transcript. As a result of not furnishing the transcript—a fact to which former counsel concedes—petitioner claims he was only then able to discover that there were other meritorious issues he should have raised in his original PCR.

A review of the transcript (provided by the petitioner) of the June 6, 2002 PCR hearing before Judge Jackson V. Gregory, reveals that the petitioner filed his second PCR claiming that the sentencing judge erred by not fully advising the petitioner of the

4

requirements of *Pittman v. State of South Carolina.* The PCR judge heard argument on the issue and dismissed the second PCR as successive and untimely. Although the PCR judge noted that a person ought to have access to a transcript, the fact that petitioner did not receive the guilty plea transcript until the first PCR concluded did not appear to be the fatal issue when Judge Gregory dismissed the second PCR.

The undersigned is not persuaded that petitioner's former counsel's failure to furnish him with a copy of the guilty plea transcript is an "extraordinary circumstance" warranting equitable tolling. Thus, petitioner's objection is overruled.

As noted previously, the petitioner's second PCR application was filed on February 13, 2002 and dismissed on January 16, 2003. The South Carolina Supreme Court denied the petition for writ of certiorari on the appeal of the dismissal on January 24, 2005. Petitioner claims that his time was statutorily tolled from the filing of his first PCR (February 9, 2001) until the conclusion of the second PCR (January 24, 2005), so that the instant case was timely filed within the 365-day time limit. Petitioner calculates that he filed the habeas petition on January 25, 2005, which he claims left only 158 days of untolled time—well within the 365-day time limit.

Petitioner also contends that his second PCR was "properly filed." However, the Magistrate Judge suggests that the petitioner's argument is not supported by established law. Time barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court stated that an application for state post-conviction relief is "properly filed" not merely when it is delivered or accepted by

5

the relevant court. Rather, when it's delivery and acceptance are in compliance with the applicable laws and rules governing filings. A PCR application that does not conform to the state court's rules, but is nonetheless accepted by the clerk is not a properly filed application, but merely a pending application. A pending application does not toll the limitation period.

A total of 728 days of untolled time lapsed between petitioner's conviction becoming final and the filing of this petition, clearly in excess of the 365-day limitation under the AEDPA. Thus, the petition is untimely.

In light of the standard set out above, the Court has reviewed, *de novo,* the Report and the objections thereto, the record, and the applicable law. The court agrees with the recommendation of the Magistrate Judge and adopts and incorporates the Report into this order by reference.

It is therefore ordered that respondents' motion for summary dismissal is granted and the petition is denied with prejudice as time-barred.

IT IS SO ORDERED.

                                                                                    Joseph F. Anderson, Jr.
September 1, 2006                                       United States District Judge
Columbia, South Carolina